## FRED HAWKINS *v.* C. W. PARKER, ETC.

**Cancellation of Instruments—Mortgage—Title—Pleading.**

Where plaintiffs sued to cancel a mortgage executed by them, and defendant answered resisting the right to have the mortgage canceled, an allegation that he acquired title to the property, and if not he is willing to take a good title thereto, the chancellor is not compelled to go in search of a title for defendant, nor are the plaintiffs required to make an exhibit of the title they have when not called upon to do so.

**Appeal—When Appellant Not Entitled to Relief.**

Where the record shows that appellant obtained everything he asked for in the court below, he is entitled to no relief as he has nothing to complain of.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 9, 1873.

OPINION BY JUDGE PRYOR:

Parker and wife in the original petition filed in this case were seeking a cancellation of the mortgage executed by them to Margaret Wilson upon the ground of fraud. A final judgment was rendered in September, 1868, dismissing their petition, and this terminates all claim they ever could have asserted against Hawkins for the property as it is now too late for them to prosecute an appeal from that judgment. The appellant, Hawkins, by his answer filed to the petition of Parker and wife, resists their right to have the mortgage canceled and claims that under his purchase from Mrs. Wilson he acquired a title to the property, and if not says that he is willing to take a good title and asks the chancellor to perfect it. No rescission of the contract is asked for by him, and no defect of title pointed out in any way. Parker, as the evidence shows, authorized Whaley to sell the notes he had obtained for his property and had, in fact, received from Whaley a part of the purchase money, but whether he did or not is immaterial, as he is not complaining and could not if he desired. As has already been suggested it is now too late for him to prosecute an appeal.

The chancellor, in accordance with the prayer of the cross-petition of appellant, has given him all he asked for. He had accepted the deed with a general warranty from Mrs. Wilson, and in order

to perfect the title all the chancellor could do was to require Parker and wife, or a commissioner for them, to execute a deed to the appellant.

The chancellor was not compelled to go in search of a title for the appellant, nor were the appellees required to make an exhibit of what title they had, as were not called upon by the appellant to do so. The suggestion in the brief of counsel that it appears in some other case that there is some defect in the title is nowhere to be found in the record, and if such a defect exists it results only that appellant had ample opportunity afforded him in the present case to make the question and has failed to present it.

This record presents a case where the party appealing has obtained everything he asked for in the court below and in such case the party is entitled to no relief, as he has nothing to complain of. The judgment is *affirmed*. *Todd v. McClanahan's Heirs*, 1 J. J. Marshall 355.

*Harlan, Nesoman, for appellant.*

*Speed & Buckner, for appellees.*